NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30219
25-JUL-2011
09:31 AM**

NO. 30219

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DONIMIC T. BROOKS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 08-1-0276K)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)


Defendant-Appellant Donimic T. Brooks (Brooks or Defendant) appeals from the Third Amended Judgment[1] filed on April 6, 2010 in the Circuit Court of the Third Circuit[2] (circuit

---

[1]  Brooks was charged with and convicted of, inter alia, Theft in the First Degree under Hawaii Revised Statutes (HRS) § 708-830.5(1)(a).  However, the "CHARGE(S) TO WHICH DEFENDANT CONVICTED" section of the Third Amended Judgment erroneously sets forth the HRS section number for Theft in the First Degree as § 708-831(1)(a).  The circuit court is hereby ordered to file a Fourth Amended Judgment, nunc pro tunc, correcting the HRS section number for Theft in the First Degree to § 708-830.5(1)(a).

[2]  The Honorable Elizabeth A. Strance presided.

court).  On August 28, 2009, a jury found Brooks guilty of Burglary in the First Degree (Count 1), in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c) (1993),[3] and Theft in the First Degree (Count 2), in violation of HRS §§ 708-830(1) (Supp. 2010) and 708-830.5(1)(a) (Supp. 2010).[4]

On appeal, Brooks contends:

(1)   Potential juror number 3 was improperly dismissed.

(2)   The circuit court erroneously admitted evidence of alleged threats made by Brooks towards prosecution witness Joshua Stuck (Stuck).

(3)   The circuit court erred when it did not allow evidence of alleged threats made to Brooks by Patricia Merschdorf (Patricia) and her daughter, Erika Fritts (Fritts).

(4)   The circuit court erroneously prevented Brooks from attacking Stuck's credibility.

---

[3]   HRS § 708-810(1)(c) provides:

§708-810   Burglary in the first degree.   (1)  A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:

.  .  .  .

(c)   The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

[4]   HRS §§ 708-830(1) and 708-830.5 provide in relevant part:

§708-830   Theft.   A person commits theft if the person does any of the following:

(1)   Obtains or exerts unauthorized control over property. A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property.

§708-830.5   Theft in the first degree.   (1) A person commits the offense of theft in the first degree if the person commits theft:

(a)   Of property or services, the value of which exceeds $20,000[.]

2

(5) The circuit court erred when it improperly excluded testimony of Patricia's untruthfulness because Defense Counsel failed to lay a proper foundation.

(6) The circuit court erred when it refused to permit introduction into evidence of Patricia's asset and debt statement from her divorce case.

(7) The circuit court erroneously restricted cross-examination of the fingerprint technician.

(8) The circuit court erred when it imposed a Crime Victim Compensation fee.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Brooks's points of error as follows:

(1) The circuit court did not abuse its discretion when it excused potential juror number 3 because potential juror number 3 maintained that she could not convict Brooks. State v. Kauhi, 86 Hawai'i 195, 199, 948 P.2d 1036, 1040 (1997).

(2) The circuit court did not abuse its discretion when it allowed evidence of Brooks's threats made towards Stuck because it "is well-established that evidence of threats or intimidation is admissible under Rule 404(b) to show a defendant's consciousness of guilt." State v. Smith, 91 Hawai'i 450, 459, 984 P.2d 1276, 1285 (App. 1999) (internal quotation marks and citation omitted).

(3) The circuit court did not err when it excluded evidence of alleged threats made by Patricia or Fritts towards Brooks after the burglary. The alleged threats were not relevant because they did not make the burglary "more probable or less probable." Hawaii Rules of Evidence (HRE) Rule 401.

(4)   Brooks contends he was "prevented from attacking Stuck's bias, interest, and motive arising from his status as a felony probationer, on grounds that HRE Rule 404(b) required prior notice of such an attack."  Brooks also contends the circuit court abused its discretion when it denied his requests to ask Stuck about possible drug use at the time of the robbery or at the time Stuck made his statements.

The circuit court did not prohibit Brooks from asking Stuck about Stuck's felony probation due to a lack of prior notice under HRE Rule 404(b); the circuit court denied Brooks's requests because "the balance of [Brooks's] proposed questions are -- the prejudice outweighs the probative value."  The circuit court found "in its discretion that the balance of trying to establish some sort of bias under 609.1 is met by the limitations expressed."  The circuit court stated:

> [Defense Counsel], should you wish to inquire of Mr. Stuck, the Court will place these limitations on your questioning.  Specifically you may not mention that he was on probation nor mention any specific charges that he was facing.
>
> You are permitted to inquire regarding the plea agreement that was reached, specifically whether the plea agreement included any exchange for his testimony in this case, whether he knew he was facing a possible and substantial prison sentence at the time of making any statements or at the time of his testimony, and whether he had any specific discussions with the state or police regarding any exchange, any statements in exchange for pleas or leniency.

The circuit court did not abuse its discretion when it limited Brooks's cross-examination of Stuck to any possible plea agreement with the State.

> The Sixth Amendment is satisfied where sufficient information is elicited to allow the jury to gauge adequately a witness'[s] credibility and to assess his or her motives or possible bias.  When the trial court excludes evidence tending to impeach a witness, it has not abused its discretion as long as the jury has in its possession sufficient information to appraise the biases and motivations of the witness.

4

State v. Balisbisana, 83 Hawai'i 109, 114, 924 P.2d 1215, 1220 (1996) (internal quotation marks, citations, and brackets omitted).

Finally, Brooks did not present any evidence that (a) Stuck was using drugs near or at the time of the incident, (b) Stuck was using drugs near or at the time he made his statements, or (c) such alleged drug use affected his perception or recollection at the time of the incident or at the time he made his statements. Therefore, the circuit court did not abuse its discretion when it denied Brooks's request to question Stuck about possible drug use. State v. Saboq, 108 Hawai'i 102, 111, 117 P.3d 834, 843 (App. 2005) (A defendant may cross-examine a witness as to the witness's drug use "at or near the time of the incident to the extent that it affected [the witness's] perception or recollection of the alleged event."); State v. Sugimoto, 62 Haw. 259, 263, 614 P.2d 386, 390 (1980) ("A witness may not be questioned as to his involvement with drugs solely to show that he is unreliable or lacks veracity.").

(5) Brooks contends it was error for the circuit court to prohibit Defense Counsel's question posed to Lickiss: "Do you have any opinion as to [Patricia's] reputation for truthfulness?" Defense Counsel did not lay a proper foundation because she did not establish that Lickiss was familiar with Patricia's reputation for truthfulness. Therefore, the circuit court did not err when it sustained the Prosecutor's objection based on lack of foundation. HRE Rule 104(a); State v. Faafiti, 54 Haw. 637, 643, 513 P.2d 697, 702 (1973).

(6) Brooks contends the circuit court, under HRE Rule 613(b), should have allowed him to introduce Patricia's asset and debt statement from her divorce. Rule 613(b) provides in relevant part:

> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless, on direct or cross-

5

> examination, (1) the circumstances of the statement have been brought to the attention of the witness, and (2) the witness has been asked whether the witness made the statement.

In the circuit court, Brooks tried to introduce the statement into evidence under HRE Rule 608(b):

> Specific instances of the conduct of a witness, for the purpose of attacking the witness'[s] credibility, if probative of untruthfulness, may be inquired into on cross-examination of the witness and, in the discretion of the court, may be proved by extrinsic evidence.

The circuit court did not abuse its discretion when, under HRE 608(b), it refused to admit the statement into evidence. Defense Counsel did not try to admit the statement into evidence under HRE 613(b). State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases."). Furthermore, Brooks did offer to redact the statement, and most of it was irrelevant. See State v. Ortiz, 91 Hawai'i 181, 194 n.15, 981 P.2d 1127, 1140 n.15 (1990). Finally, assuming arguendo that it was error for the circuit court not to admit the asset and debt statement into evidence, Hawai'i Rules of Penal Procedure Rule 52(a) provides, in relevant part, that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

(7) Brooks contends the defense was erroneously precluded from re-cross-examining the fingerprint technician concerning the accuracy of a fingerprint match in an unrelated case. Defense Counsel withdrew her question after the circuit court sustained an objection from the State that the question was beyond the scope of redirect. Assuming, arguendo, that this point was preserved for appeal, it is without merit, and assuming, arguendo, there was error, it was harmless.

6

(8) The circuit court did not err when it ordered Brooks to pay $210.00 to the Crime Victim's Compensation Fund. Brooks did not object to the amount of the fee or state that he was unable to pay it, and we find no plain error.

Therefore,

IT IS HEREBY ORDERED that the Third Amended Judgment of Conviction and Sentence filed on April 6, 2010 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 25, 2011.

On the briefs:

Julie Kai Barreto
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7